UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JESSICA N., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:25-CV-5052-DWC <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of her application for Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court finds no reversible error and affirms the Commissioner's decision to deny benefits.

## I. BACKGROUND

Plaintiff applied for DIB on August 6, 2021. Administrative Record (AR) 46. Her alleged date of disability onset is June 8, 2021. *Id.* Her requested hearing was held before an Administrative Law Judge (ALJ) on December 27, 2023. AR 236–66. On January 20, 2024, the

ALJ issued a decision finding Plaintiff not disabled. AR 43–69. The Appeals Council declined Plaintiff's timely request for review, making the ALJ's decision the final agency action subject to judicial review. AR 1–7. On January 21, 2025, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 4.

In his final decision, the ALJ found Plaintiff had the following Residual Functional Capacity (RFC):

> to perform light work as defined in 20 CFR 404.1567(b). Specifically, the claimant has the residual functional capacity to perform less than full range of light work lifting 20lbs occasionally and 10lbs frequently; carrying 20lbs occasionally and 10lbs frequently; sitting for 6hrs, standing for 6hrs, walking for 6hrs; and push/pull as much as can lift/carry. The claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, never stoop, kneel occasionally, never crouch, crawl occasionally. The claimant can work at unprotected heights occasionally, moving mechanical parts occasionally, in vibration occasionally. The claimant can work indoor jobs only, within 1-2 minute walk of a bathroom/restroom facilities. The claimant can have only occasional contact with public and coworkers.

AR 51. Based on this RFC, he found Plaintiff could perform work existing in significant numbers in the national economy and therefore that Plaintiff was not disabled. AR 61–62.

## II. STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III. DISCUSSION

In her opening brief, Plaintiff argues (1) the ALJ erred in assessing the medical opinion evidence, (2) the ALJ failed to properly consider her subjective symptom testimony and (3) the

statement of her husband, (4) the ALJ's decision is undermined by new evidence submitted to the Appeals Council, and (5) the ALJ did not meet his duty to develop the record. Dkt. 12.[1]

**A.    Subjective Symptom Testimony**

Plaintiff testified she had difficulties with physical exertion due to pain. AR 251. She testified she cannot lift more than a gallon of milk. AR 264. She has anxiety preventing her from public socializing. AR 253, 256. She needs to be near a bathroom due to her irritable bowel syndrome (IBS). AR 252. In a function report, she alleged difficulties in most areas of physical functioning, along with limitations in concentrating, remembering, completing tasks, and understanding. AR 485.

The ALJ was required to give specific, clear, and convincing reasons for discounting Plaintiff's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)); AR 1567.[2]

---

[1] Plaintiff also contends the ALJ's RFC assessment was erroneous because it did not include limitations supported by the evidence she contends was improperly evaluated. Dkt. 12 at 18–19. The Court addresses this argument by considering whether the evidence was improperly discredited and, if so, whether that improper assessment rendered the RFC incomplete. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) (RFC inadequacy based only on other arguments not independent basis for remand). Plaintiff also summarizes some of the rest of the medical evidence and asserts it contradicts the ALJ's findings. *See* Dkt. 12 at 7–10. The Court declines to assess this evidence, as it will not consider matters that are not "specifically and distinctly" argued in the plaintiff's opening brief. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). The Court considers this evidence, where relevant, in considering Plaintiff's other arguments. Similarly, Plaintiff asserts that some evidence submitted to the Appeals Council renders the ALJ's decision unsupported by substantial evidence (Dkt. 12 at 10), but absent further argument, such a bare assertion is insufficient to establish legal error.

[2] Plaintiff contends the ALJ's consideration of her subjective testimony is deficient because it provided only an assessment of the medical evidence and asserted it supported his RFC assessment. Dkt. 12 at 12 (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). But the ALJ—in addition to summarizing Plaintiff's testimony and the medical evidence—specifically stated he found the medical evidence and other evidence inconsistent with her testimony, described "inconsistent reports" and other inconsistencies within the medical evidence, and went on to find that "the overall evidence is not consistent with impairments that prevent all work activity." *See* AR 53–54, 56–57. "The ALJ's explanation for her assessment of [Plaintiff's] testimony was thus more than a single general statement that the claimant's statements are not credible and is sufficient to allow appellate review." *Nadon v. Bisignano*, 145 F.4th 1133, 1137 (9th Cir. 2025) (distinguishing and quoting *Brown-Hunter*, 806 F.3d at 493).

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 3

The ALJ found Plaintiff's testimony was inconsistent with the medical evidence and her course of treatment. *See* AR 54, 56–57. These were proper bases on which to reject Plaintiff's testimony. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original). "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). Finally, "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (citation omitted).

With respect to Plaintiff's physical symptoms, the ALJ found Plaintiff's testimony inconsistent with her minimal, routine treatment for most of the relevant period; the lack of "complaints of unmanageable pain" until 2023, when she was taken off a narcotic medication; and normal examinations showing Plaintiff had full strength in her legs and extremities and intact gait. *See* AR 57. The ALJ reasonably concluded such evidence was inconsistent with Plaintiff's allegations of disabling pain. For instance, her allegations of difficulty lifting objects heavier than a milk carton is reasonably found inconsistent with notations of normal strength. Plaintiff's lack of pain complaints of physical pain for most of the relevant period similarly undermine her testimony that she had severe exertional difficulties.

Plaintiff asserts that treatment notes from provider Dr. Hammer undermine this finding. Dkt. 12 at 12–13; *see also id.* at 9–10 (describing two appointments with Dr. Hammer). Dr. Hammer noted at an appointment in May 2023 that Plaintiff reported pain in her leg that may be related to radiculopathy and, at an appointment the following month, noted Plaintiff was "not a

1  candidate for neurosurgical intervention because she has not maximized nonoperative care." AR
2  1210. At an appointment in October 2023, Plaintiff was given an injection, and Dr. Hammer
3  noted she "had no improvement from over 4 weeks of conservative treatments." AR 1146.

4        This evidence does not undermine the ALJ's rationale. Dr. Hammer's notes confirm
5  Plaintiff's course of treatment was conservative and show her complaints of pain arose later in
6  the relevant period, given she was noted to have had four weeks of conservative treatment as of
7  October 2023 and otherwise did not maximize nonoperative care. Further, as the ALJ noted in
8  considering Dr. Hammer's notes, the exacerbation of Plaintiff's symptoms noted by Dr. Hammer
9  coincided with Plaintiff ceasing her narcotic medication; Dr. Hammer's notes are consistent with
10 this finding. AR 56, 1146.

11       With respect to Plaintiff's alleged mental symptoms, the ALJ also accepted Plaintiff had
12 social limitations. *See* AR 57. The ALJ reasonably found inconsistent with Plaintiff's allegations
13 evidence from mental status examinations that, for the most part, revealed normal findings in
14 Plaintiff's memory, insight, judgment, concentration, and thought content. *See* AR 54, 55, 57
15 (citing AR 665, 909, 1159). The ALJ acknowledged some evidence to the contrary from earlier
16 in the relevant period but noted Plaintiff demonstrated subsequent improvement after her
17 medications were adjusted in 2021. *See* AR 54 (citing AR 681, 684, 880–82, 906).

18       Finally, the ALJ reasonably found Plaintiff's lack of care sought for mental symptoms
19 inconsistent with allegations of significant mental limitations. *See* AR 57. Plaintiff contends this
20 finding is undermined by additional evidence submitted to the Appeals Council indicating
21 Plaintiff received mental care beginning in May 2023. Dkt. 12 at 13. The Court disagrees. As
22 with Plaintiff's physical symptoms, the evidence shows Plaintiff began receiving relevant,
23 consistent treatment in the late spring of 2023. But she alleged disability beginning in June 2021,
24

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 5

and, after a few appointments around her alleged onset date and one medication management appointment, sought little additional treatment for her mental symptoms in the interim. *See* AR 54–56. When combined with evidence of improvement from treatment, the ALJ could reasonably find such a course of treatment inconsistent with Plaintiff's allegations notwithstanding the fact that she ultimately sought further care.

With respect to Plaintiff's IBS, the ALJ noted Plaintiff reported dietary changes helped "quite a bit," and, thereafter, Plaintiff had a "long gap" in seeking related treatment until an exacerbation likely caused by alcohol usage. *See* AR 55 (citing AR 1071–76, 1164). To the extent Plaintiff alleged her IBS required further limitations than those in the RFC (limiting her to work within a 1 to 2-minute walk of a bathroom), the ALJ reasonably found such allegations inconsistent with her course of treatment. Plaintiff contends there were no further treatments available for her IBS (*see* Dkt. 12 at 7), but this does not explain the gap in treatment which, combined with evidence of effective treatment before that gap, the ALJ relied upon in discounting her testimony.

The ALJ also noted inconsistencies in Plaintiff's statements regarding her alcohol and drug use during the relevant period. *See* AR 53. Specifically, she represented at an agency examination that she had not used alcohol in five years and rarely used marijuana, but she had been hospitalized with recent alcohol use earlier that month and reported smoking marijuana daily at an earlier appointment. *Id.* (citing AR 697, 1034–39, 1071–76). This was a proper consideration and supports the ALJ's adverse credibility determination. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (finding "conflicting information about [claimant's] drug and alcohol usage" proper basis for rejecting testimony); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies about alcohol use proper consideration); *see also Smolen*, 80 F.3d at

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 6

1284 (ALJ may use "ordinary techniques of credibility evaluation" in assessing testimony, including inconsistent statements).

In sum, the ALJ provided specific, clear, and convincing reasons for finding Plaintiff's testimony unpersuasive.

**B.     Medical Opinion Evidence**

Plaintiff argues the ALJ erred in considering the medical opinions of Reginald Adkisson, PhD; Richard Henegan, MD; Peter Weiss, PhD; Ralph Katsman, MD; and Carol Mohney, PhD. Dkt. 12 at 5–11.

For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" particular medical opinions, including those of treating or examining sources. *See* 20 C.F.R. § 404.1520c(a). Rather, ALJs must consider every medical opinion in the record and evaluate each opinion's persuasiveness, considering each opinion's "supportability" and "consistency," and, under some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 404.1520c(b)–(c). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. 20 C.F.R. § 404.1520c(c)(1), (c)(2).

   1.   Dr. Henegan

Examining consultant Dr. Henegan completed an opinion in March 2023.[3] AR 1028–33. Most of his opinion was adopted in the RFC. *Compare* AR 1032–33 *with* AR 51. However, Dr. Henegan opined Plaintiff could not stand or walk more than four hours. AR 1032. He noted the

---

[3] He also completed an opinion in 2022, which the ALJ found somewhat persuasive, opining Plaintiff could do a full range of medium work (*see* AR 60), but Plaintiff has not challenged the ALJ's assessment of that opinion (*see* Dkt. 12).

"justification for [that] limitation is [Plaintiff's] irritable bowel syndrome throughout the day." *Id.*

The ALJ found Dr. Henegan's 2023 opinion "somewhat persuasive," noting that it was partially supported by his examination and explanation, but that the examination "is not persuasive [in showing that Plaintiff] would be unable to do light work." AR 61. As the ALJ noted, Dr. Henegan's examination revealed few abnormalities related to Plaintiff's walking or gait-related abilities. *See id.*, AR 1030–31. Aside from mentioning Plaintiff's reported IBS symptoms, the opinion gives no explanation as to how those symptoms would affect Plaintiff's standing or walking abilities. *See* AR 1028–31. Under such circumstances, the ALJ reasonably found that limitation unsupported. *Cf. Stiffler v. O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024) (affirming rejection of medical opinion that "included only conclusions regarding functional limitations without any rationale for those conclusions" along with largely normal mental status findings).

The ALJ also found the opinion inconsistent with the overall record. AR 61. With respect to Plaintiff's IBS, as discussed, the ALJ noted in discussing the medical evidence that Plaintiff had a "long gap" without ongoing complaints of IBS after reporting dietary changes helped significantly, and that later abdominal pain was thought to be related to alcohol use. *See* AR 55. The ALJ could reasonably find that significant improvement in Plaintiff's IBS, coupled with a lapse in seeking treatment, was inconsistent with an opinion that her IBS would cause substantial standing-and-walking limitations. A discrepancy with the medical evidence "is a clear and convincing reason for not relying on the doctor's opinion." *Bayliss*, 427 F.3d at 1216.

In sum, the ALJ properly found Dr. Henegan's opined standing-and-walking limitation unsupported and inconsistent with the record.

2. <u>Dr. Weiss</u>

Examining consultant Dr. Weiss completed an opinion in May 2023. AR 1034–38. He opined as follows:

> Her socialization skills appear markedly impaired by her Bipolar Disorder and PTSD, based on her self-report and behavior in the interview. Her sustained concentration and persistence appear markedly impaired by her Bipolar Disorder and PTSD, based on her self-report, behavior in the evaluation, and her performance in the mental status examination. The overall level of adaptive impairment due to her Bipolar I Disorder and PTSD appears marked.

AR 1038.

The ALJ found the opinion unpersuasive. AR 60. With respect to supportability, the ALJ noted Plaintiff "was not forthcoming with Dr. Weiss about her substance use as she denied any alcohol use in five years, so the doctor was unable to make a fully accurate assessment and further renders this opinion less persuasive." *Id.* An opinion may be discounted because it is based on a misperception formed by a claimant's self-report. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (affirming rejection of opinion due to doctor's misperception that wheelchair was prescribed). Given that Dr. Weiss's opinion relied on Plaintiff's self-reported history in assessing her socialization skills, concentration, and persistence, this was a proper basis on which to find the opinion unpersuasive.

The ALJ also found the opinion inconsistent with the normal mental status examinations of record. AR 60. As discussed, the ALJ reasonably assessed this evidence, and the evidence is reasonably found to undermine the ALJ's conclusion. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (finding normal mental status examinations inconsistent with opinions proper basis on which to reject the opinions); see also *Bayliss*, 427 F.3d at 1216 (discrepancy with medical evidence "is a clear and convincing reason for not relying on the doctor's opinion"). For instance, the ALJ properly concluded that evidence showing Plaintiff had normal concentration,

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 9

memory, and thought process inconsistent with the opinion that Plaintiff would have marked difficulties in concentrating and persisting.

In sum, the ALJ properly considered Dr. Weiss's medical opinion and gave proper reasons supported by substantial evidence for rejecting it. The Court need not consider the ALJ's remaining reasons for rejecting the opinion because any error with respect to those reasons would be harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error harmless if "there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion"); *Woods*, 32 F.4th at 792–93 (finding proper consideration of one of supportability-and-consistency factors to be adequate basis to affirm).

   3. <u>Drs. Katsman, Adkisson, and Mohney</u>

Plaintiff has not shown reversible error in the ALJ's assessment of the medical opinions of Drs. Adkisson, Katsman, and Mohney. The Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. If the ALJ's decision remains supported by substantial evidence and the error does not "negate the validity of the ALJ's ultimate conclusion," it is harmless. *See id.* (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)). "The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Dr. Katsman wrote two letters regarding Plaintiff's IBS. The first stated Plaintiff "finds it difficult to work without accidents or bathroom breaks" but that Plaintiff "otherwise has no specific restrictions." AR 1204. The second said Plaintiff "is disabled as she needs to be near a restroom at all times due to stool accidents and abdominal cramps." AR 1205. Dr. Katsman's opinion that Plaintiff "is disabled" is a statement on an issue reserved to the Commissioner,

which the ALJ did not need to consider. *See* 20 C.F.R. § 404.1520b(c)(3)(i). Dr. Katsman's remaining statements suggest Plaintiff has a need to be near a restroom, which the RFC accounts for in limiting Plaintiff to work performed within a 1-to-2-minute walk of restroom facilities. *See* AR 51. Thus, Dr. Katsman's opinion would not result in a different RFC determination if credited.

Examining consultant Dr. Adkisson completed an opinion in March 2022. AR 709–14. He opined Plaintiff had moderate limitations in her abilities to reason; understand and remember; concentrate and persist; and adapt. AR 713–14. Dr. Mohney opined Plaintiff had a moderate limitation in her ability to understand and remember detailed instructions but could perform work involving short and simple instructions. AR 300. A moderate limitation, in the social security context, typically indicates a "fair" ability in the described area. *See* 20 C.F.R. § 404, Subpt. P, App'x 1, 12.00(F)(2)(c).

At step five, the ALJ found Plaintiff could perform the position of Housekeeping Cleaner, Dictionary of Occupational Titles (DOT) 323.687-014, which had 175,472 jobs available nationally (*see* AR 63), an amount sufficient to sustain the ALJ's step five conclusion. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528–29 (9th Cir. 2014). That position has a Reasoning Level of 1, requiring only that Plaintiff "apply commonsense understanding to carry out simple one- or two-step instructions" and "deal with standardized situations with occasional or no variables in or from these situations encountered on the job." DOT App'x C.

Reasoning Level 1 is consistent with the opinions of Drs. Adkisson and Mohney. It requires only simple 1-2 step instructions, consistent with Dr. Mohney's opinion that Plaintiff could follow short and simple instructions and Dr. Adkisson's opinion that Plaintiff had a fair ability to understand, remember, concentrate, and persist. It involves only "commonsense

understanding," consistent with Dr. Adkisson's opinion that Plaintiff had a "fair" reasoning ability. And it involves only "standardized situations" with little variance, and therefore is consistent with Dr. Adkisson's opinion that Plaintiff had fair adaptation abilities. Thus, crediting either opinion would not result in a different determination at step five, so any error with respect to either opinion is harmless. *See Stubbs-Danielson*, 539 F.3d at 1174 (finding error in evaluating medical opinions harmless where the jobs relied upon did not have postural requirements opinions touched on).

C.  **Lay Witness Testimony**

Plaintiff contends the ALJ failed to provide proper reasons for rejecting the lay witness statements of her fiancé. *See* Dkt. 12 at 16–18; AR 427–33, 488–95.

The ALJ stated the statements were unpersuasive for the same reasons he found Plaintiff's testimony unpersuasive. AR 61. For the most part, Plaintiff's fiancé's statement described similar limitations as Plaintiff herself described. He indicated Plaintiff had issues related to concentration, social functioning, task completion, walking, and sitting. *See* AR 429–32, 493–94. This was a proper basis for rejecting the statements. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (where ALJ properly discounted claimant's testimony, same reasons are proper for rejecting similar lay witness testimony). This also renders any error in evaluating the statements harmless. *Molina*, 674 F.3d at 1116–22 (failing to evaluate lay statements harmless if cumulative of subjective testimony properly rejected for reasons applicable to the lay statement).

D.  **Duty to Develop the Record**

Plaintiff argues the ALJ failed to meet his burden of developing the record. Dkt. 17 at 2. The ALJ "has an independent duty to fully and fairly develop the record," *Tonapetyan v. Halter*,

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 12

242 F.3d 1144, 1150 (9th Cir. 2001) (cleaned up), which "is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence," *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (quoting *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001)). "The ALJ may discharge this duty in several ways." *Tonapetyan*, 242 F.3d at 1150.

Plaintiff was unrepresented at her hearing (*see* AR 238–40), heightening the duty. *Tonapetyan*, 242 F.3d at 1150. However, by itself, the "lack of counsel does not affect the validity of the hearing." *Vidal v. Harris*, 637 F.2d 710, 713 (9th Cir. 1981). Moreover, the duty to develop the record cannot shift the burden of proving disability onto the ALJ, *see Mayes*, 276 F.3d at 460, and the Court generally cannot impose procedural requirements beyond those reflected in the Commissioner's regulations and the relevant statutes, *see Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 524, 541–48 (1978).

Plaintiff argues the ALJ failed to adequately develop the record "[1] by failing to obtain all of [Plaintiff's] medical records, [2] by failing to fully question [Plaintiff] about her symptoms and limitations, and [3] by failing to fully question the vocational expert." Dkt. 17 at 2. The Court disagrees.

First, when the record or the hearing "suggests a likelihood" that it is missing further probative evidence, "the ALJ has a duty to inquire." *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). The Commissioner requires the claimant "inform [the Commissioner] about or submit all evidence known to [her] that relates to whether or not [she is] blind or disabled," 20 C.F.R. § 404.1512(a)(1), and the Commissioner must "make every reasonable effort to help [the claimant] get medical evidence from [her] medical sources and entities that maintain [her] medical sources' evidence," 20 C.F.R. § 404.1512(b)(1); *see also* 42 U.S.C. § 423(d)(5)(B).

Plaintiff cites no part of the record which would have alerted the ALJ it was lacking additional evidence. Rather, prior to her hearing, Plaintiff submitted two two-page letters to the ALJ (AR 1181–82, 1206–07), where she acknowledged and discussed "previous medical records obtained by Social Security" (AR 1181) and "the most recent medical evidence on file" (AR 1206) and described "additional medical documentation" she obtained (AR 1181), attaching 122 pages of medical records (see AR 1181–1303). This suggests the record was adequate for review and that Plaintiff did not require further prompting to inform the ALJ of additional evidence known to her.

Moreover, even if the ALJ failed to develop the record in this respect, any error is harmless. Plaintiff's counsel submitted the missing medical records to the Appeals Council. AR 8–42, 70–235. Plaintiff has not successfully argued those records rendered the ALJ's decision unsupported by substantial evidence. Thus, even if the ALJ erred by failing to obtain those records, the ALJ's ultimate decision remains valid and supported by substantial evidence.

Second, "the ALJ must be especially diligent in exploring for all the relevant facts" when a claimant is unrepresented, *Tonapetyan*, 242 F.3d at 1150, and an ALJ may not rely upon the omission of testimony not elicited in such a circumstance, see *Widmark v. Barnhart*, 454 F.3d 1063, 1068–69 (9th Cir. 2006). But Plaintiff has not identified relevant facts unprobed by the ALJ at the hearing, nor is there any indication the ALJ relied upon deficiencies in Plaintiff's testimony. To the contrary, the ALJ elicited testimony about her living situation (AR 249–50) and how her symptoms affect her ability to perform chores and other activities and otherwise impact her day-to-day life (AR 251–59). Plaintiff also completed a form describing her health issues in detail (see AR 443–50), which the ALJ considered (see AR 52). Further, the ALJ gave Plaintiff an opportunity to ask additional questions and raise any other issue she might have at

the close of her hearing. *See* AR 264–65. Plaintiff identifies no inadequacy or ambiguity arising in her testimony. The ALJ had no duty to further question Plaintiff.

Finally, Plaintiff argues the ALJ failed to pose hypotheticals to the VE regarding the extent to which the limitations described in the medical opinions favorable to Plaintiff would erode the occupational base of work which the VE testified Plaintiff was capable of performing. Dkt. 12 at 3, 19. However, the ALJ did ask questions regarding the extent to which some limitations not in the RFC—sheltered work environments, limited pace—might change the step five determination. AR 262. He also explained to Plaintiff the VE's role and the sorts of issues the VE might testify on, gave examples of appropriate questions to ask the VE, and, thereafter, gave Plaintiff the opportunity to examine the VE herself. *See* AR 262–63.

The ALJ had no duty to inquire further. At step five, an ALJ asks whether, given a claimant's RFC, there is work existing in significant numbers that she can perform. *See* 20 C.F.R. § 404.1520(a)(4)(v). The VE's testimony that an individual with Plaintiff's RFC could perform the identified positions was sufficient for this purpose. That some evidence suggests Plaintiff's RFC could be different does not mean the ALJ's resolution of the step five issue suffered from an ambiguity or inadequacy. To require the ALJ ask questions to develop a rebuttal for Plaintiff would shift the burden of proving disability and impose a requirement upon the ALJ that finds no support in the regulations or other legal authority. Thus, the ALJ's duty was not triggered.

In sum, Plaintiff has not shown the ALJ failed to adequately develop the record in this case.

//

//

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **AFFIRMS** Defendant's decision denying benefits.

Dated this 16th day of September, 2025.

David W. Christel
United States Magistrate Judge